# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-70014

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2018

Lyle W. Cayce
Clerk

CHRISTOPHER DEVON JACKSON,

  Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

  Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-208

Before CLEMENT, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Christopher Jackson was convicted and sentenced to death for killing Eric Smith after carjacking the SUV that Smith was driving. Jackson seeks a certificate of appealability ("COA") as to his allegations of ineffective assistance of counsel. Finding his arguments unpersuasive, we DENY his request.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## FACTS AND PROCEEDINGS

A jury convicted and sentenced Jackson to death for killing Smith while committing or attempting to commit robbery. The Texas Court of Criminal Appeals ("TCCA") upheld Jackson's conviction. *Jackson v. State*, 2010 WL 114409 (Tex. Crim. App. Jan. 12, 2010). The Supreme Court denied *certiorari*. *Jackson v. Texas*, 562 U.S. 844 (2010).

Jackson then filed a state application for *habeas corpus*. After briefing and a hearing, the trial court recommended that the TCCA deny relief and submitted proposed findings of fact and conclusions of law. Following its own review, the TCCA adopted the trial court's position and denied Jackson's application. *Ex parte Jackson*, 2014 WL 5372347 (Tex. Crim. App. Aug. 20, 2014) (*per curiam*).

Jackson filed a federal petition for *habeas corpus*. After briefing was complete, and limited discovery, the district court denied *habeas* relief and a COA in a memorandum opinion and order. Jackson now requests a COA from this court.

## STANDARD OF REVIEW

Jackson's COA request is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). We will grant a COA under AEDPA only if Jackson can make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In a death-penalty case, we resolve any doubts over whether a COA is proper in the petitioner's favor. *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005).

In deciding Jackson's COA question, we must keep in mind the extraordinary deference that AEDPA places around the TCCA's conclusions of law and findings of fact—it is through this deferential lens that the district

No. 18-70014

court evaluated Jackson's constitutional claims. Under AEDPA, a federal court cannot grant *habeas* relief to a state prisoner on any claim adjudicated on its merits by the state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). And our inquiry is "limited to the record that was before the state court" and "focuses on what a state court knew and did." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011).

A decision is contrary to federal law when it either reaches a conclusion opposite to that of the Supreme Court on a question of law, or arrives at an opposite result on facts that are materially indistinguishable from those confronted by a relevant Supreme Court case. *Sprouse v. Stephens*, 748 F.3d 609, 616 (5th Cir. 2014). A decision involves an unreasonable application of federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quoting *Williams v. Taylor*, 529 U.S. 362, 407–08 (2000)). The state court's decision must not just be wrong; it must be unreasonable—meaning no "fairminded jurist" could possibly agree with it. *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

On appeal, we review "the district court's findings of fact for clear error and its conclusions of law de novo." *Dorsey v. Stephens*, 720 F.3d 309, 314 (5th Cir. 2013). An appellate court "will not disturb a district court's factual findings unless they are implausible in light of the record considered as a whole." *Wiley v. Epps*, 625 F.3d 199, 213 (5th Cir. 2010). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985)).

No. 18-70014

## DISCUSSION

In the district court, Jackson argued that his counsel performed ineffectively by failing to investigate and present mitigating evidence during the punishment phase. Jackson had raised the same claim in state court.

Jackson reasserted the claim in the original state petition, along with additional grounds for relief not presented to the state court. The district court held that the new grounds were procedurally defaulted because they had not been exhausted in state court. Aside from a conclusory footnote asserting that the district court should not have "split" his claim, Jackson has offered no argument contesting the procedural default.

Jackson's reply argues that "Respondent[] . . . artificially segregate[es] Mr. Jackson's . . . claim into a supposed 'exhausted' and an 'unexhausted' portion." But Respondent did no such thing; it simply adopted the same framework articulated by the district court. If Jackson had wanted to challenge that framework, he should have done so clearly and explicitly in his opening brief. *Cf. Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1546 n.9 (5th Cir. 1991) ("Customarily we decline even to consider arguments raised for the first time in a reply brief."). Accordingly, any challenge to the procedural default is waived, and we will consider only the rejection of the claims characterized by the district court as properly exhausted. *Summers v. Dretke*, 431 F.3d 861, 870 (5th Cir. 2005) (A failure "to adequately brief . . . issues" results in waiver).

We will consider Jackson's assertion that his trial counsel failed to properly investigate, develop, and present mitigation evidence concerning Jackson's mental health. To succeed under *Strickland*, Jackson must show that counsel's performance was deficient, and that this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The district court painstakingly reviewed the evidence and arguments Jackson now wishes trial counsel would have presented to the jury. It cogently

4

explained why the state *habeas* court rejected these claims and, attentive to the deferential standard of review, independently determined that those conclusions were consistent with *Strickland* and its progeny.

There is no reason to repeat that analysis here. In short, trial counsel did not abdicate his responsibility to prepare for and conduct the punishment phase. He hired experts, called family members and a mitigation investigator to the stand to discuss Jackson's background, and made reasoned decisions about what kind of evidence or lines of inquiry he thought would do more harm than good. In other words, he had sufficient familiarity with Jackson's mental-health history and family background to make the tactical decisions that he made about the evidence to put before the jury and the vehicle by which to put it.

And even if the evidence and experts had been presented as Jackson now wishes, the jury would still have had to consider Jackson's long-standing, intensifying, and consistent—even throughout the trial—violent behavior. Given the weight of this overwhelming evidence, Jackson has not shown any reasonable probability of a different result at sentencing.

## CONCLUSION

The district court's opinion is thorough and well-reasoned with respect to all of the preserved issues. No reasonable jurist could disagree. Jackson's request for COA is DENIED.